**In re James Franklyn BOURNE, Appellant.**

**No. 14451.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 14, 1958.

Decided Dec. 18, 1958.

Mr. George B. Parks, Washington, D. C., for appellant. Messrs. William C. Gardner and Joseph C. Waddy, Washingington, D. C., were on the brief for appellant.

Mr. Edmund L. Jones, Washington, D. C., with whom Messrs. Francis W. Hill and Roger Robb, Washington, D. C., were on the brief, for the Committee on Admissions and Grievances of the United States District Court for the District of Columbia.

Before EDGERTON, DANAHER and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

The District Court's Rule 94 provides among other things that "Any person, seeking to charge a member of the Bar of this court for any cause or offense which may justify disbarment, suspension, censure, or other disciplinary action, shall do so in writing subscribed and under oath. The complaint shall be filed with, or referred to, the Committee on Admissions and Grievances * * *. The Committee shall investigate the complaint, and, if in its opinion an answer should be made thereto, it shall serve by registered mail a copy thereof on the member of the Bar complained of and as respondent thereto, the member shall file an answer with the committee, subscribed and under oath, on or before twenty days after the date of mailing."

One Mitchell sent the committee a complaint which charged appellant, a mem-

---

* As to the alleged use of perjured testimony, the record showed, at most, inconsistencies in the testimony in question.

ber of the bar, with failing to render services he had been paid to render to Mitchell in a criminal case. The committee served this complaint on appellant by registered mail on May 2, 1957; wrote him on June 26 that his answer was overdue; and wrote him on July 10 that failure to answer by July 19 would be considered evidence of professional misconduct. He made no response.

On November 13, 1957, the committee filed in the District Court charges based both on Mitchell's complaint and on appellant's failure to respond. Appellant was duly served with these charges, but did not answer them within the time allowed by the court's rules. Some months later, and one day before the date set for trial, he filed an answer in which he admitted he had received and had failed to answer the committee's communications. He attributed "such failure to a combination of hurt and resentment toward Mitchell and the manner in which Mitchell had treated him." He said "the fact that the Committee had sent him a letter calling for an explanation to Mitchell's charges at a time when he was actively engaged in representing him was difficult to comprehend." He "was confident that even a most cursory investigation by the Committee would expose the complaint as false and unwarranted."

After a hearing before its Chief Judge and two other judges, the District Court found Mitchell's charges not sustained and dismissed them. It found that by failing to answer, and thereby requiring the court and the committee to spend much time that might otherwise have been saved, appellant violated his obligation to the court and was guilty of professional misconduct. We agree. The court considered, in mitigation, appellant's assurance that he intended no discourtesy to the court or the committee. It suspended him from practice for 20 days.

Appellant argues that the committee did not first "investigate" the complaint and that therefore he was not bound to answer it. The committee says the Rule does not require it to do anything more,

before it serves a complaint, than study it and decide whether it would, if true, warrant disciplinary action.

In many contexts, but apparently not in this context, "investigate the complaint" might well include giving an accused person an opportunity to answer. We need not attempt to decide what the phrase in its present context does include. It is nothing more than a direction from the District Court to its committee. We have no reason to suppose that the committee interprets the direction more narrowly than the court intends. If the committee does so, that is a matter between the committee and the court. The Rule does not imply that if the committee interprets the direction more narrowly than the court intends the accused member of the bar need not answer the complaint which is served upon him.

Affirmed.